UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

ANDREW M. DISAME,

              Plaintiff,

     v.

BHARAT KANTHARIA,

              Defendant.

**MEMORANDUM & ORDER**
23-CV-07102 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

     Plaintiff commenced this *pro se* action on September 19, 2023, against his former doctor. ECF No. 1. At the same time, Plaintiff sought permission to proceed *in forma pauperis*. ECF No. 2. Plaintiff's complaint is difficult to decipher and does not identify particular statutes that purportedly authorize a cause of action. ECF No. 1. Plaintiff appears to allege that Defendant committed medical malpractice. *Id.* The Court grants Plaintiff's request to proceed *in forma pauperis*, but dismisses his complaint without prejudice because this Court lacks subject matter jurisdiction over the claims as pled by Plaintiff.

## BACKGROUND

     The exact facts giving rise to Plaintiff's claims are not apparent from his complaint, but Plaintiff alleges that on February 19, 2020, he went to Defendant's medical office in Manhattan for a second opinion on whether a cardiac ablation should be performed. *See* ECF No. 1 at 2–4. Plaintiff asserts that Defendant refused to perform the procedure and suggested that Plaintiff be treated with medication. *Id.* at 4. Additionally, Plaintiff alleges Defendant failed to diagnose Plaintiff's cancer. *Id.* at 5. Further, Plaintiff alleges Defendant committed Medicare fraud. *Id.* at 4, 9-10. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 11; ECF 1-1 at 2. According to the complaint, Plaintiff is a citizen of Brooklyn, New York, and Defendant's

medical office is in Manhattan.  ECF No. 1 at 1.  The complaint is silent regarding the Defendant's state of residence.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction and must independently verify the existence of subject-matter jurisdiction before proceeding to the merits." *Singh v. U.S. Citizenship & Immigr. Servs.*, 878 F.3d 441, 445 (2d Cir. 2017).  Therefore, the Court "may *sua sponte* delve into the issue of whether there is a factual basis to support subject-matter jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616 (2d Cir. 2019).[1]  Plaintiff, as the party invoking the Court's jurisdiction, has the burden of "prov[ing] jurisdiction by a preponderance of evidence." *Id.* at 617.

The Court has "*considerable latitude* in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction" and "may refer to evidence outside the pleadings" when doing so.  *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022) (emphasis in original). When a court solicits information outside the pleadings related to subject matter jurisdiction, it may decide not to consider that evidence—and to rely solely on the allegations in the complaint—so long as the "extrinsic evidence . . . does not controvert the material allegations of the complaint." *Id.*

Since Plaintiff is representing himself *pro se*, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings.  *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits citations, internal quotation marks, and footnotes.

2020) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## DISCUSSION

### I. The Court Lacks Diversity Jurisdiction Over Plaintiff's Claims

Diversity jurisdiction does not exist with respect to Plaintiff's medical malpractice claims, so the Court has no jurisdictional basis to consider them under 28 U.S.C. § 1332. Federal courts have jurisdiction to hear cases pursuant to 28 U.S.C. § 1332 where the amount in controversy "exceeds the sum or value of $75,000" and the parties are "citizens of different states." It is "well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction[.]" *Platinum-Montaur Life Scis., LLC.*, 943 F.3d at 617. Plaintiff has not met that burden as Plaintiff has insufficiently pled Plaintiff and Defendant are "citizens of different states." 28 U.S.C. § 1332. Specifically, Plaintiff alleges that he is a citizen of New York, but has not alleged where Defendant resides. *See* ECF No. 1 at 1. On that basis alone, the Court may dismiss Plaintiff's claims. *See, e.g.*, Fed R. Civ. P. 12(h)(3); *Receiveables Exch., LLC v. Hotton*, No. 11-cv-0292, 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) ("[W]hen a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss it *sua sponte*.").

Further, a search on the City of New York's Automated City Register Information System website ("ACRIS") shows Defendant's affiliation with two properties—one is the medical office Plaintiff describes in his complaint, *see* ECF No. 1 at 1, and the other is a residential property located in Manhattan, *see* ACRIS, N.Y.C. DEP'T OF FIN., https://a836-acris.nyc.gov/DS/DocumentSearch/Index (last visited Oct. 18, 2023).[2] Accordingly, since it

---

[2]   Multiple district courts within the Second Circuit have held that property records made available on ACRIS are subject to judicial notice and, therefore, can be relied on when

3

appears Plaintiff and Defendant are both citizens of New York, the Court cannot exercise diversity jurisdiction over Plaintiff's claims. *Cf. Ward v. Mortimer*, No. 10-cv-4154, 2010 WL 3761906, at *1 (E.D.N.Y. Sept. 16, 2010) (taking judicial notice that the Shinnecock Indian Reservation is located in New York and *sua sponte* dismissing the action for lack of subject matter jurisdiction because the parties were both citizens of New York).

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's claims without prejudice

---

dismissing an action. *See, e.g.*, *Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 610 F. Supp. 3d 621, 628, 633 (S.D.N.Y. 2022) (taking judicial notice of ACRIS records because "New York County's real property records" were "undoubtedly proper subjects of judicial notice" and dismissing complaint); *Stewart v. Loring Estates LLC*, No. 18-cv-2283, 2020 WL 3002363, at *9, 10 (E.D.N.Y. Feb. 26, 2020), *report and recommendation adopted in full*, 2020 WL 1231783 (E.D.N.Y. Mar. 13, 2020) (explaining that "the Court may take judicial notice of public documents available at the ACRIS website" and relying on those documents to dismiss *pro se* complaint).

for lack of subject matter jurisdiction.[3] Since the Court's dismissal is without prejudice, the Court's decision does not adjudicate the merits of Plaintiff's claims, [4] and Plaintiff may refile his claims in another court in which jurisdiction is proper. The Clerk of Court is respectfully directed to enter judgment and to close this case.

    SO ORDERED.

                                              /s/ Hector Gonzalez
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
        October 18, 2023

---

[3] Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's claims would render any amendment futile. Other courts in this District have similarly denied leave to amend to *pro se* plaintiffs whose claims presented the same types of defects as Plaintiff's complaint does. *See Gill v. City of New York*, No. 16-cv-3412, 2016 WL 4506996, at *2 (E.D.N.Y. Aug. 26, 2016) (denying leave to amend where it was clear *pro* se Plaintiff could not establish a basis for subject matter jurisdiction); *Eley v. New York City Transit Auth.*, No. 14-cv-6886, 2014 WL 6983452, at *2 (E.D.N.Y. Dec. 10, 2014) (same); *Banks v. Constantine*, No. 12-cv-3239, 2012 WL 2803616, at *2 (E.D.N.Y. July 10, 2012) ("Because the defects in subject-matter jurisdiction do not appear to be curable, the complaint is dismissed without leave to amend.").

[4] Plaintiff alleges Defendant "exploited [his] medical insurance account with [M]edicare." ECF No. 1 at 4. As a federally funded program, Medicare is subject to the federal health care fraud statute, *see* 42 U.S.C. § 1320a-7b, which "does not provide individuals with the right to bring a cause of action to enforce its provisions." *See Mercer v. Westchester Med. Ctr.*, No. 21-cv-8268, 2021 WL 5567617, at *3 (S.D.N.Y. Nov. 29, 2021); *see also Riddles v. Parakh*, No. 08-cv-2373, 2008 WL 4298318, at *2 (E.D.N.Y. Sept. 16, 2008) (holding the federal health care fraud statute does not provide a private cause of action for Medicaid and Medicare fraud claims). As such, Plaintiff has no private right of action to bring his Medicare fraud claim.